# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASPER L. DOCKERY, | No. 4:20-CV-01676 |
| Plaintiff, | (Judge Brann) |
| v. | |
| BALTAZAR, WARDEN, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### MAY 19, 2021

Plaintiff Jasper L. Dockery, a federal inmate in the custody of the Federal Bureau of Prisons ("BOP") who, at the relevant time, was incarcerated at the United States Penitentiary at Canaan, ("USP-Canaan"), Waymart, Pennsylvania, commenced this *Bivens*[1] action on September 15, 2020,[2] naming as defendants Warden Baltazar, Deputy Warden Rardon, and various other individuals employed at USP-Canaan.

Presently pending is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or for summary judgment pursuant to Federal Rule of Civil Procedure 56.[3] For the reasons set forth below, I will grant Defendants' motion to dismiss Dockery's complaint.

---

[1] *Bivens v. Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).
[2] Doc. 1.
[3] Doc. 16.

## I. STANDARDS OF REVIEW

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[4] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[5] In addition to considering the facts alleged on the face of the complaint, the court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[6]

However, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."[7] "Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim.' *Iqbal*, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' *Id*. at 679, 129 S.Ct. 1937. *See also Burtch v. Milberg Factors, Inc*., 662 F.3d 212, 224 (3d Cir.2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of

---

[4] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[5] *See Phillips v. Cty of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[6] *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

truth." (citation and editorial marks omitted)). Finally, '[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.' *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937."[8] Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[9]

Because Dockery proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[10]

## II. DOCKERY'S COMPLAINT

Dockery invokes "28 U.S.C. § 1331 & 28 U.S.C. § 1332, diversity jurisdiction" in alleging that Defendants violated his First and Fifth Amendments in retaliating against him "for exercise of his constitutional rights" by confiscating and failing to return his affidavit and original exhibits which were necessary to his pursuit of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in 2016, conspiring to lock him up in the SHU based on a false misconduct, and denying him access to the courts.[11] He identifies the "where and when" of the events as follows: "U.S.P. Canaan Cell #121, C-1 Unit 3/30/2017, & 3/31/2017;

---

[8] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (footnote omitted).
[9] *Iqbal*, 556 U.S. at 681.
[10] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).
[11] Doc. 1, at 2, 3, 5-10.

3

Canaan SHU, 3/31/2017; 4/1/17; 4/17/17; 4/14/17; 4/13/17; 5/3/17; 4/18/17; 5/5/17; 5/12/17; 5/19/17."[12] He alleges that the confiscated documents were to be filed in "case #16-308" pending in the United States District Court for the District of Columbia.[13] He represents that he was unable to complete the administrative remedy process due to subsequent transfers to other BOP facilities.[14]

## III. DISCUSSION

Defendants move to dismiss the complaint on the basis that there is no *Bivens* remedy available for Dockery's claims. In so moving, they rely on the Supreme Court's pronouncement in *Ziglar v. Abbasi*, 582 U.S. ——, 137 S. Ct. 1843 (2017), that "expanding the *Bivens* remedy is now a 'disfavored' judicial activity."[15]

By way of background, in *Bivens*, the Supreme Court concluded that, even absent statutory authorization, it would enforce a damages remedy allowing individuals to be compensated after experiencing Fourth Amendment violations of the prohibition against unreasonable searches and seizures.[16] The Court extended *Bivens* to include a Fifth Amendment Due Process damages remedy to an administrative assistant claiming that a Congressman discriminated against her

---

[12] *Id.* at 5.
[13] *Id.* at 11.
[14] *Id.* at 14-16, 21-27.
[15] *Ziglar*, 137 S. Ct. at 1857 (quoting *Iqbal*, 556 U.S. at 675, 129 S.Ct. 1937).
[16] *Bivens*, 403 U.S. at 397.

4

based on gender.¹⁷ The Court also expanded *Bivens* in 1980, concluding that the Eighth Amendment's prohibition on cruel and unusual punishment provided a prisoner a cause of action for damages against prison officials who failed to treat his asthma.¹⁸ "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself."¹⁹

In *Ziglar*, the Supreme Court set forth a two-part test to determine whether a *Bivens* claim may proceed.²⁰ Initially, courts must determine whether the case presents a new *Bivens* context; "[i]f the case is different in a meaningful way from previous *Bivens* cases decided by th[e] [Supreme] Court, then the context is new."²¹ "A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider."²² If the case presents a

---

17  *Davis v. Passman*, 442 U.S. 228, 249-49 (1979).
18  *Carlson v. Green,* 446 U.S. 14, 19 (1980).
19  *Ziglar*, 137 S. Ct. at 1855.
20  *Id.* at 1857 (quoting *Iqbal*, 556 U.S. at 675).
21  *Id.* at 1859.
22  *Id.* at 1859-60.

new context, a court must consider whether any alternative remedies exist.[23] Even absent alternative remedies, a court must also consider whether special factors counsel against extending the *Bivens* remedy.[24]

In the matter *sub judice*, Dockery alleges violations of his First Amendment rights. The Supreme Court has "never [explicitly] held that *Bivens* extends to First Amendment claims."[25] Recently, the United States Court of Appeals for the Third Circuit declined to extend a *Bivens* remedy for First Amendment retaliation claims brought in the prison workplace assignment context by a prisoner complaining about harassment by correctional officers.[26] The Third Circuit has also refused to extend *Bivens* to a First Amendment retaliation claim brought against an agent of the Transportation Safety Administration,[27] or a First Amendment retaliation claim brought against prison officials at the Federal Detention Center in Philadelphia by a detainee.[28] Additionally, in a non-precedential opinion, the Third Circuit noted in the context of a First Amendment retaliation claim brought by a federal prisoner against correctional staff that "a First Amendment retaliation claim. . ., may not apply to a *Bivens* claim against a federal official."[29] Likewise, a number of district

---

23 *Id.*
24 *Id.*
25 *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012).
26 *Mack v. Yost*, 968 F.3d 311, 325 (3d Cir. 2020).
27 *Vanderklok v. United States*, 868 F.3d 189, 199 (3d Cir. 2017).
28 *Bistrian v. Levi,* 912 F.3d 79 (3d Cir. 2018).
29 *See Watlington on behalf of FCI Schuylkill African Am. Inmates v. Reigel*, 723 F. App'x. 137, 140 n. 3 (3d Cir. 2018).

6

courts within the Third Circuit have ruled that there is no *Bivens* claim for First Amendment retaliation in the prison context.[30] There is no question that Dockery's retaliation claim presents a new context because it is "different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court."[31]

Next, I consider whether any alternative remedies exist and whether special factors counsel against extending the *Bivens* remedy.[32] Initially, the BOP's Administrative Remedy Program provides an alternative process.[33] Although Dockery may not be entitled to the monetary relief he seeks here, the Supreme Court has found that "'administrative review mechanisms' can provide 'meaningful redress' – such as internal investigations and employee discipline – even if they do not 'fully remedy the constitutional violation.' [*See Corr. Servs. Corp. v.*] *Malesko*, 534 U.S. at 520)."[34] I join other courts that considered the issue in concluding the BOP's Administrative Remedy Program provides an alternative process.[35] Significantly, the fact that Dockery was unsuccessful in utilizing the

---

[30] *See Dorsey v. Peter,* No. 3:19-CV-0113, 2021 WL 1209194, at *2 (M.D. Pa. Mar. 29, 2021); *Graham v. Bradley*, No. 3:20-cv-0595, 2021 WL 904862, at *5 (M.D. Pa. Mar. 9, 2021); *Stone Bey v. U.S. Dep't of Justice*, No. 1:21-cv-113, 2021 WL 632735, at *5 (M.D. Pa. Feb. 18, 2021); *Bush v. Griffin*, No. 1:19-cv-1521, 2020 WL 5801408, at *3 (M.D. Pa. Sept. 29, 2020) (collecting cases).
[31] *Ziglar*, 137 S. Ct. at 1859. *See Raiely*, 407 F. Supp 3d at 521 (collecting cases).
[32] *Id.* at 1859-60.
[33] 28 C.F.R. §§ 542.15, 16, 18.
[34] *Ziglar*, 137 S. Ct. at 1859-60.
[35] *Railey*, 407 F. Supp. 3d at 521; *Cox v. True*, No. 3:17-cv-338-JPG-DGW, 2018 WL 6928796, at *4 (S.D. Ill. Sept. 20, 2018), Report and Recommendation adopted, 2019 WL 95478 (S.D. Ill. Jan. 3, 2019); S*tratmon v. Morris*, No. 1:12-cv-1837-DAD-SAB (PC), 2018 WL 3388406, at *4 (E.D. Cal. July 10, 2018).

administrative process does not mean that such a process does not exist as an alternative remedy.[36]

There also exist special factors including the separation-of-powers concerns raised by Congress' repeated legislative action on safeguarding the rights of federal prisoners without providing a damages remedy against federal actors. Such legislative action includes the Civil Rights Act of 1871, the Prison Litigation Reform Act of 1995, and the Prison Rape Elimination Act of 2003, none of which provide a cause of action for damages in the federal arena.

To the extent that Dockery's complaint is construed to include a First Amendment denial of access to the court's claim, courts have also declined to extend *Bivens* to like First Amendment claims, finding that they present a new context, that there exists alternative remedies, and that special factors weigh against such an extension.[37] Similarly, inasmuch as he asserts a Fifth Amendment

---

[36] *See Corr. Servs Corp. v. Malesko*, 534 U.S. 61, 69 (2001) (noting that "[s]o long as the plaintiff had an avenue for some redress, bedrock principles of separation of powers foreclosed judicial imposition of a new substantive liability"); *Gonzalez v. Hasty*, 269 F. Supp. 3d 45, 60 (E.D.N.Y. 2017). "[W]hen alternative methods of relief are available, a Bivens remedy usually is not." *Ziglar*, 137 S. Ct. at 1863.

[37] *See Vega v. United States*, 881 F.3d 1146 (9th Cir. 2018) (declining to extend *Bivens* to First Amendment denial of access to courts claim finding the claim presented a new context and there existed several alternative processes); *See Schwarz v. Meinberg*, 761 F. App'x 732, 734 (9th Cir.), cert. denied, 140 S. Ct. 468, 205 L. Ed. 2d 278 (2019)(finding that access to courts claim under the First and Fifth Amendments constitute new *Bivens* contexts, that there exists an alternative remedial structure and that special factors exist to support not extending Bivens to such claims); *White v. Hess*, No. 14CV03339CBALB, 2020 WL 1536379, at *5 (E.D.N.Y. Mar. 31, 2020) (same); *Winstead v. Matevousian*, 2018 WL 2021040, at *2-3 (E.D. Cal. May 1, 2018) (declining to find a *Bivens* cause of action for First Amendment retaliation and denial of access to the courts claims because alternative remedies such as the BOP administrative grievance process, a federal tort claims action, or a writ of habeas corpus were available, and

due process claim, other courts have found that special factors weigh against extending *Bivens* to such a claim.[38]

Based on the foregoing, I conclude, as have the courts before me, that extending *Bivens* to Dockery's retaliation claim, or any First Amendment claims,[39] or to his Fifth Amendment claim, would be contrary to law.[40]

## IV. LEAVE TO AMEND

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act] should receive leave to amend unless amendment would be inequitable or futile."[41] I find that amendment would be futile because Dockery cannot remedy the deficiencies in his complaint: that *Ziglar* prohibits extending *Bivens* to the First and Fifth Amendment claims he raises here.

---

the actions of Congress "do not support the creation of a new *Bivens* claim" in the area of prisoners' rights).

[38] *See, e.g., Zavala v. Rios*, 721 Fed. App'x 720, 721–22 (9th Cir. 2018) (declining to extend *Bivens* to Fifth Amendment procedural due process claim); *Louis-El v. Ebbert*, 448 F. Supp. 3d 428, 439–41 (M.D. Pa. 2020) (declining to extend *Bivens* to Fifth Amendment due process claim); *Dongarra v. Smith*, Civil No. 3:18-CV-01939, 2020 WL 4934660, at *4–*5 (M.D. Pa. Aug. 24, 2020) (declining to extend *Bivens* to Eighth Amendment conditions of confinement claim); *Simmons v. Maiorana*, Civil No. 3:16-cv-1083, 2019 WL 4410280, at *14–*15 (M.D. Pa. Aug. 23, 2019) (declining to extend *Bivens* to Fifth Amendment due process claim and Eighth Amendment conditions of confinement claim), report and recommendation adopted by 2019 WL 4412296 (M.D. Pa. Sept. 13, 2019); *Hunt v. Matevousian,* 336 F. Supp. 3d 1159, 1168–70 (E.D. Cal) (declining to extend *Bivens* to Fifth Amendment due process claim and Eighth Amendment excessive force claim); *Gonzalez v. Hasty*, 269 F. Supp. 3d 45, 59–66 (E.D.N.Y. 2017) (declining to extend *Bivens* to Fifth Amendment due process claim and Eighth Amendment conditions of confinement claim).

[39] *Vanderklok,* 868 F.3d at 198 ("The Supreme Court has never implied a *Bivens* action under any clause of the First Amendment.").

[40] As this determination is conclusive, I will not address Defendants' additional alternative R12 arguments or the R56 motion.

[41] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

## V. CONCLUSION

Based on the foregoing, Defendants' motion to dismiss Dockery's complaint will be granted.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge